USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-22-09

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
ADRIENNE MARSH LEFKOWITZ,

        Plaintiff,

   - against -

THE BANK OF NEW YORK, et al.,

        Defendants.
------------------------------ X

01 Civ. 6252

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Pro Se plaintiff Andrienne Marsh Lefkowitz ("Lefkowitz") brought this action alleging claims of breach of fiduciary duty and fraud against defendants the Bank of New York ("BNY"), McCarthy, Finger, Donovan, Drazen & Smith, L.L.P. ("McCarthy") -- the law firm representing BNY in the matters that gave rise to the action -- and Frank Streng, the attorney at McCarthy in charge of the underlying transactions (collectively, "Defendants"). The dispute relates to the administration of the estates of Nicholas and Irene Marsh (the "Marsh Estates"), Lefkowitz's parents.[1]

By Order dated November 25, 2009, Magistrate Judge Michael Dolinger, to whom this matter had been referred for supervision of pretrial proceedings, issued a careful and exhaustive Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein. The Report finds

---

[1] The factual background and prior proceedings in this litigation are set forth in this Court's previous decision, reported as Lefkowitz v. Bank of New York, 2003 WL 22480049 (S.D.N.Y. Oct. 31, 2003), aff'd in part and reversed and remanded in part, 528 F.3d 102, (2d Cir. 2007).

that Lefkowitz's amended complaint does not state plausible claims of fraud or breach of fiduciary duty in that the pleadings do not sufficiently demonstrate that BNY's alleged misconduct caused the injuries Lefkowitz alleges here; the factual allegations are otherwise insufficient to make out a claim for which relief can be granted on a theory of breach of fiduciary duty or aiding and abetting breach of fiduciary duty, or fraudulent inducement; some of the actions about which Lefkowitz complains are barred by statutes of limitations or the preclusion doctrines of res judicata or collateral estoppel. Accordingly, the Report recommends that the Court grant Defendants' motion to dismiss the amended complaint, and that it deny Lefkowitz's motions for judgment on the pleadings, to strike portions of Defendants' reply papers in connection with their motion, and to further amend the complaint. The Report recommends that the Court enter an order barring Lefkowitz from filing additional federal litigation concerning her parents' estates without prior court order.

Lefkowitz filed timely objections to the Report challenging its findings and conclusions. Specifically, she contends that the proper standard to evaluate a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) should be the one in effect in 2001, the

year this action was filed, and thus not the plausibility test enunciated by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 560-61 (2007). Lefkowitz challenges the application of preclusion or estoppel and time-bar principles on the ground that the misconduct she alleges in this action has not been adjudicated in any other prior proceedings, and that the six-year statute of limitations for breach of fiduciary duty, fraud and contract causes of action would not proscribe her claims for events that occurred in 1995. Lefkowitz takes issue with the Report's determinations that the amended complaint is deficient in that it fails to allege fraud with sufficient particularity as required under Rule 9(b), and that it does not adequately state a cause of action for aiding and abetting breach of fiduciary duty. She asserts that the Report's findings are inconsistent with certain orders issued by the Surrogate in related state court proceedings. Finally, she refers generally to other errors and complains of the Court's alleged unfair treatment of her as a pro se litigant.

For the reasons stated below, the Court adopts the substantive recommendations of the Report in their entirety, and defers consideration of the suggested restriction on Lefkowitz filing further litigation in federal court relating to disputes arising out of the administration of the Marsh

Estates, pending the outcome of any appeal of this decision.

## II. **STANDARD OF REVIEW**

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holding Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). "Where a party makes a 'specific written objection ... after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F. Supp. 454, 463 (S.D.N.Y. 1997) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)); Fed. R. Civ. P. 72(b). The Court is not required to review any portion of a Magistrate Judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge as to such matters. See Fed. R. Civ. P. 72(b); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III. **DISCUSSION**

Having conducted a de novo review of the full factual record in this litigation, including the pleadings, prior proceedings, and the parties' respective papers submitted in connection with the underlying motions and in this action, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in the Report are warranted. The Court has examined all of Lefkowitz's objections in the light of the record and finds them without merit. The issues Lefkowitz raises are thoroughly addressed in the Report in terms consistent with the Court's own de novo review of the facts and the applicable law. Accordingly, for substantially the reasons set forth in the Report, the Court adopts the Report's factual and legal analyses and determinations, as well as its substantive recommendations, in their entirety as the Court's rulings on Defendants' motion to dismiss the amended complaint and Lefkowitz's motions for judgment on the pleadings, to strike Defendants' reply, and for leave to file another amended complaint. With regard to the recommendation to bar Lefkowitz from filing further federal litigation relating to disputes arising out of the administration of the Marsh Estates, the Court defers consideration of the matter pending the outcome of any appeal of this decision.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Michael Dolinger dated November 25, 2009 (Docket No. 71) is adopted in its entirety as the Court's rulings on the underlying motions specified below, and the objections (Docket No. 73) of plaintiff Adrienne Lefkowitz ("Lefkowitz") are DENIED; and it is further

**ORDERED** that the defendants' motion (Docket No. 56) to dismiss the remaining counts of the amended complaint herein is GRANTED; and it is further

**ORDERED** that Lefkowitz's motions for judgment on the pleadings and to amend the complaint (Docket No. 63) and to strike portions of the defendants' reply (Docket No. 66) are DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         22 December 2009

                                        VICTOR MARRERO
                                            U.S.D.J.

ADRIENNE MARSH LEFKOWITZ
v.
THE BANK OF NEW YORK, et al.,

01 Civ. 6252

Report and Recommendation of
Magistrate Judge Michael H. Dolinger
dated November 25, 2009

Attachment to the Court's
Decision and Order
dated December 22, 2009